

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

**WILL WILSON**
**ATTORNEY GENERAL**

December 5, 1962



This Opinion
Affirms Opinion

# V-1115  O-157

Hon. Bradley C. Miles
County Attorney
Taylor County Courthouse
Abilene, Texas

Opinion No. WW-1486

Re: Whether or not a County
is authorized to expend
county funds for elec-
trical power and the main-
tenance of safety lighting
fixtures erected by the
State, outside of city
limits, along a designated
State highway.

Dear Mr. Miles:

In your letter requesting an opinion of this office,
you state the following facts:

". . .The Highway involved is Interstate 20,
or U. S. Highway 80, which traverses Taylor County
from West to East. According to the Interstate
Program, bypasses around cities and towns are being
constructed, and such a bypass has been constructed
around Abilene, Taylor County, Texas. It is our
understanding that the Chamber of Commerce is desir-
ous of obtaining Safety Lighting fixtures near en-
trance and exit ramps along said Highway, in and
near the City of Abilene. The State Highway Commis-
sion has passed a Minute Order (#45302) authorizing
the State to install such fixtures, but with the
understanding that the Municipality and/or County
will pay for the electricity and maintenance of said
fixtures. It is estimated that a total of 128 light-
ing units are to be installed in and around Abilene,
77 of which will be within the city limits of Abilene
and 51 outside of the city limits."

Article 6673, Vernon's Civil Statutes, reads:

"The Commission is authorized to take over and
maintain the various State Highways in Texas <u>and
the counties through which said highways pass shall
be free from any cost, expense or supervision of such
highways</u>. The Commission shall use the automobile
registration fees in the State Highway Fund for the

maintenance of such highways, and shall divert the same to no other use unless the Commission shall be without sufficient funds from other sources to meet Federal aid to roads in Texas, and in such case the Commission is authorized by resolution to transfer a sufficient amount from such fund to match said Federal aid." (Emphasis added)

Article 6674q-4, reads in part:

"All further improvement of said State Highway System shall be made under the exclusive and direct control of the State Highway Department and with appropriations made by the Legislature out of the State Highway Fund. Surveys, plans and specifications and estimates for all further construction and improvement of said system shall be made, prepared and paid for by the State Highway Department. No further improvement of said system shall be made with the aid of or with any moneys furnished by the counties except the acquisition of right-of-ways which may be furnished by the counties, their subdivisions or defined road districts. . . ." (Emphasis added)

In 28 Tex.Jur.2d, Section 301, p. 344-345, we find the following language:

"All counties through which state highways pass are free from any cost, expense, or duty of supervision in respect to those highways. . . ."

In Attorney General's Opinion No. O-1576 (1939), it was held that a Commissioners' Court could not appropriate money to pay the light bill that would be incurred by maintaining two electric traffic lights at two intersections of two state highways intersecting within the county.

Attorney General's Opinion No. V-1115 (1950) holds:

"The Commissioners' Court of Travis County, Texas, is not authorized to issue bonds for the purpose of widening and improving Congress Avenue bridge, an integral part of the State Highway System, in Austin."

It was stated in Attorney General's Opinion No. V-1514 (1952) that the holding in Attorney General's Opinion No. V-1115 (1950), set out above, ". . .was based on the conclusions (1) that the Congress Avenue Bridge in Austin was a part of the designated State Highway System and (2) that Article 6674q-4, positively prohibits any further improvement of any part of the designated State Highway System and with the aid of or with any funds furnished by a county, except in the acquisition of rights-of-way. . ."

In view of the prohibitions contained in Articles 6673 and 6674q-4, Vernon's Civil Statutes, and the holdings in Attorney General's Opinions Nos. O-1576 and V-1115, which we now reaffirm, we are of the opinion that your inquiry must be answered in the negative.

Please accept our thanks for the able brief submitted by Henry J. Strauss of your office.

## S U M M A R Y

A County is not authorized to expend county funds for electrical power and the maintenance of safety lighting fixtures erected by the State, outside of city limits, along a designated State highway.

Yours very truly,

WILL WILSON
Attorney General of Texas

Ogden L. Bass, Jr.
Assistant

OLB:wb:mkh

APPROVED:
OPINION COMMITTEE

Howard W. Mays, Chairman
Cecil Rotsch
Jack Goodman
Dudley McCalla

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore